UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GARY J. BOECKER,

    Defendant.

------------------------------------------------------

Case No. 5:17-CR-217

OPINION & ORDER
[Resolving Doc. 14]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 3, 2017, the Federal Bureau of Investigation ("FBI") arrested Defendant Gary J. Boecker in Florida on a criminal complaint charging him with wire fraud.

On May 25, 2017, Magistrate Judge George J. Limbert held a detention hearing in Youngstown, Ohio.[1] At the conclusion of the hearing, Magistrate Judge Limbert found that Defendant is a flight risk and should be detained pending trial.[2]

On June 6, 2017, a Grand Jury indicted Defendant Boecker on one count of wire fraud, a violation of 18 U.S.C. § 1343, and one count of False Statements in a Loan Application, a violation of 18 U.S.C. § 1014.[3]

Defendant Boecker now moves this Court to revoke Magistrate Judge Limbert's detention finding.[4] For the reasons below, the Court **DENIES** Defendant's motion.

## I. Legal Standard

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the

---
[1] Doc. 7.
[2] *Id*.
[3] Doc. 15.
[4] Doc. 14. The Government opposes. Doc. 17.

Case No. 5:17-CR-217
Gwin, J.

order."[5] While there is some debate over what standard of review applies when reviewing the magistrate's decision, most district courts in the Sixth Circuit review the magistrate's order of pretrial detention *de novo*.[6]

Under the Bail Reform Act, if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."[7] It is "the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community."[8]

In determining whether the government has met its burden of persuasion, the Court considers, among other factors, (1) the nature and circumstances of the offenses charged; (2) the person's history and characteristics, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, and criminal history; and (3) the weight of the evidence against the person.[9]

## II. Discussion

This Court conducts its own review and agrees with Magistrate Judge Limbert's analysis—pretrial detention is appropriate in this case.

*Nature of the Offense*

Defendant Boecker faces large financial claims. He allegedly absconded with more than $1 million dollars of client funds.

---

[5] 18 U.S.C. § 3145(b).
[6] *See, e.g.*, *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (citing *United States v. Hazime*, 762 F.2d 34 (6th Cir.1985)); *see also United States v. Ho*, No. 3:16-CR-46-TAV-HBG-1, 2016 WL 5875005, at *3 (E.D. Tenn. Oct. 7, 2016).
[7] 18 U.S.C. § 3142(e)(1).
[8] *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).
[9] 18 U.S.C. § 3142(g); *see also Stone*, 608 F.3d at 946. Another 3142(g) factor, the dangerousness of the defendant, is not applicable here. The Government focuses its argument on Defendant Boecker's flight risk.

-2-

Case No. 5:17-CR-217
Gwin, J.

Defendant argues that his alleged crimes are not crimes of violence, which weighs against pretrial detention. However, the Government does not seek detainment because Defendant is a physical threat to the community. Rather, the Government argues he is likely to flee. The deceit involved in Boecker's alleged crimes, coupled with the following factors, support pretrial detention.

*Personal Characteristics and Community and Family Ties*

Defendant Boecker's ties to Northeast Ohio are not particularly strong. He has been spending substantial amounts of time in Florida and was arrested there.[10] He has only one adult child, who also lives in Florida.[11] His wife resides in Ohio, but they have been estranged for two years.[12] Given Defendant Boecker's age and the likely length of his sentence if convicted, he has less incentive to appear for trial.

*Weight of the Evidence*

Last, the Government presented sufficient evidence at the detention hearing to warrant pretrial detention. The Government alleges that Defendant defrauded one client out of $700,000 through control of her finances and trust accounts.[13] Defendant allegedly swindled $500,000 from another client and procured a fraudulent bank loan on his behalf.[14]

Furthermore, evidence uncovered at Defendant Boecker's home suggests he is a flight risk. Specifically, the FBI discovered four books: *How to Disappear: Erase Your Digital Footprint, Leave False Trails and Vanish Without a Trace*; *How to Be Invisible: Protect Your*

---

[10] The parties disagree over whether Defendant Boecker lives in Florida. Regardless, Defendant admits that he has spent much of his time in Florida pursuing a new business. Doc. 14-1 at 7.
[11] *Id*. at 2.
[12] *Id*.
[13] Doc. 17 at 2.
[14] *Id*. at 2-3.

Case No. 5:17-CR-217
Gwin, J.

*Home, Your Children, Your Assets, and Your Life*; *How to Be Invisible: The Essential Guide to Protecting Your Personal Privacy, Your Assets, and Your Life*; and *Incognito Toolkit*.[15]

Defendant Boecker argues that because there is no evidence as to when he obtained these books, their copyrights predate the investigation, and the books were discovered nearly a year ago, the books do not support pretrial detention.[16] This Court disagrees. Studying materials that outline how to "vanish without a trace" suggests Defendant Boecker has considered fleeing and erasing his digital footprint.

### III. Conclusion

For the reasons above, the Court **DENIES** Defendant Boecker's motion and affirms Magistrate Judge Limbert's pretrial detention order.

IT IS SO ORDERED.

Dated: June 15, 2017    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 5.
[16] Doc. 14 at 14.